CANNON *vs.* LABARRE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

CANNON
*vs.*
LABARRE.

The certificate of the recorder of mortgages is *prima facie* evidence of the matters it contains. It devolves on the adverse party to show informalities, or that the renunciations or raising of the mortgages mentioned in the certificate are irregular.

Parole evidence will not be received, to show that on diligent examination of the records of the parish, no act of raising certain mortgages could be found. It is not the best evidence.

In dissolving injunctions, interest can only be allowed on the *amount* of the judgment actually due.

This is an injunction case. The plaintiff in injunction having purchased three arpents of land from the defendant, in February, 1837, for forty-five thousand dollars, one-third of which was paid in cash, leaving thirty-six thousand to be paid by instalments. When twenty-four thousand dollars became due and remained unpaid, the defendant obtained an order of seizure and sale for the whole debt. The plaintiff alleges in support of his injunction against this order, that the defendant has failed to raise several mortgages existing on the property, and to procure his wife's renunciation of her right of mortgage, as stipulated in the act of sale. A general denial was pleaded.

Upon these allegations and issues the cause was tried.

On the trial, the plaintiff offered parole testimony, to show, that after due and diligent examination of the records in the parish judge's office, for the parish of Jefferson, in which the property purchased by him is situated, the witness was unable to find any acts by which it appeared that the mortgages mentioned in the petition were raised, according to the stipulations in the act of sale ; or any act showing the renunciation of the defendant's wife ; and that this examination was made since the issuing of the order of seizure, &c. The defendant's counsel objected to the introduction of this testimony, which was sustained by the court, on the ground, that

parole evidence could not be received ; that the only mode of making this proof was by the production of the record, or the certificate of the parish judge or officer keeping the records, &c. The plaintiffs counsel excepted to the opinion of the court.

The defendant produced in evidence the certificate of the parish judge and *ex-officio* recorder of mortgages for the parish of Jefferson, showing that all the mortgages mentioned in the act of sale were raised.

On this evidence, the district judge dissolved the injunction, and gave ten per cent. interest on the entire sum of thirty-six thousand dollars, when there was only twenty-four thousand dollars due, at the time of suing out the order of seizure.

The plaintiff appealed.

*Macready*, for the appellant.

*Labarre* and *Derbigny*, *contra*.

*Rost, J.*, delivered the opinion of the court.

The defendant having issued an order of seizure upon a mortgage retained by him, to secure the payment of the price of a tract of land, which he had sold to the plaintiff, the latter obtained an injunction, and asked for a rescission of the sale, on the ground, that the mortgages existing on the property at the time of the purchase, had not been raised by the defendant, in conformity with his stipulations, and were still in force, and that the wife of the defendant in particular had not removed her right of mortgage.

The defendant filed a general denial, and produced in evidence, on the trial of the cause, a certificate of the recorder of mortgages, of the parish in which the property is situated, showing that the wife of the defendant had duly renounced, and that previous to the date of the order of seizure, the mortgages mentioned in the sale to the plaintiff had all been raised, and no others existed upon the property except that of the defendant. Judgment was given in favor of the defendant in the first instance, and the plaintiff appealed.

The certificate of the recorder of mortgages is *prima facie* conclusive against the plaintiff's pretensions.

If the renunciation of the wife was not in due form, or informalities existed in the raising of the other mortgages, it was his duty to show it.  He attempted to introduce a witness to prove, that he the witness, after a due and diligent examination of the records of the parish, could find no act by which the mortgages had been raised, and that the judge, when asked, could not procure the renunciation of the wife.  The judge correctly rejected that evidence ; it was not the best in the power of the party, or of which the nature of the case admitted.

There is nothing in the exception taken to the opinion of the court, ordering the case to be tried summarily.  The trial took place in strict conformity with the Code of Practice.

The judge in dismissing the injunction gave judgment *in solido* against the plaintiff and his surety on the bond, for ten per cent. interest upon the total amount of the mortgage.  The plaintiff alleges in this court, that one-third of that sum was not due at the time of the seizure, and that the court erred in allowing interest upon it.  The act, further amending the Code of Practice, approved on the 25th of March, 1831, provides, that where an injunction is dissolved, the court, in the same judgment, shall condemn the plaintiff and his surety, jointly and severally, to pay to the defendant interest at the rate of ten per cent. per annum on the amount of the judgment, and no more than twenty per cent. as damages, unless damages to a greater amount be proved.  The court does not appear to have allowed any thing on account of damages, and as the order of seizure could only be obtained upon that part of the debt then due, we are of opinion, that interest should not have been allowed upon the whole amount of the mortgage.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended, so as to allow the defendant a judgment against Maurice Cannon and Thomas Barrett, *in solido*, for interest at the rate of ten per

<div style="margin-left:auto">

EASTERN DIST.
*April*, 1839.

CANNON
*vs.*
LABARRE.

The certificate of the recorder of mortgages is *prima facie* evidence of the matters it contains. It devolves on the adverse party to show informalities, or that the renunciations or raising of the mortgages contained in the certificate, are irregular.

Parole evidence will not be received to show that on diligent examination of the records of the parish no act raising certain mortgages could be found. It is not the best evidence.

In dissolving injunctions, interest can only be allowed on the amount of the judgment actually due.

</div>

EASTERN DIST. cent. per annum, from the 11th of July, 1838, till paid, on
April, 1839. twenty-four thousand dollars, instead of thirty-six thousand
GRONING ET AL. dollars; and that it be otherwise affirmed with costs in the
vs.
KRUMBHAAR. District Court; those of the appeal to be paid by the
defendant and appellees.