## James Cassidy *v.* His Creditors.

Where a mortgage creditor of an insolvent who has made a cession of his property appeals from a judgment, allowing the sums claimed by certain law officers for their fees, the latter must be made parties to the appeal. It is not enough that the syndic, who has no interest in a contest between privileged creditors as to their relative rank, should be cited.

Appeal from the District Court of the First District, *Buchanan*, J.

*Greiner*, for the appellant.

*Grivot*, for the syndic.

Morphy J. This case has been before us several times. When last up it was remanded, because it did not appear that the Judge had passed upon certain law charges in the syndic's tableau of distribution, which had been opposed by Wm. J. Moffat. On the return of the case to the District Court, the Judge, after notifying the parties whose claims were disputed, and hearing their evidence, fixed the amount of fees due to the Clerk, Sheriffs and Coroner, and decreed that their charges, and certain other items on the tableau, should be paid by privilege and preference over the mortgage debt of Moffat, out of the funds in the hands of the syndic.—Moffat has appealed.

He contends, in this court, that the accounts of the Clerk, and of two late Sheriffs against the estate, have not been legally proved, and has referred us to several provisions of law prescribing the

manner in which these officers must prepare their bills of costs, and the formalities to be fulfilled before they can obtain payment from suitors. Acts of 1833, p. 190. Acts of 1814, p. 108. Law of 1842, p. 440. The Judge below might, and, we think, should have required of the Clerk a detailed bill of his fees, such as was presented by the Sheriffs and Coroner; but as the services of this officer were rendered in his Court and under his eye, he felt authorized, and was perhaps competent, to fix the amount due to him for his services to the estate, without requiring a detailed account, and from the simple inspection of the books out of which such an account could have been made ; but, be this as it may, we cannot disturb the judgment rendered in favor of the Clerk, Sheriffs, Coroner, &c., without having these persons before us. The syndic, who has been decreed to pay these amounts out of the funds in his hands, has not appealed from this judgment. If Moffat, in preference to whose mortgage these charges were ordered to be paid, was desirous of contesting them in this court, he should have made these persons parties to this appeal. It is a contest between him, and them, in which the syndic is without any interest, especially when it is considered that there is nothing coming to the ordinary creditors of the estate. So far then as the syndic, who is the only appellee in the case, is concerned, the judgment complained of cannot be touched. 1 Robinson, 275.

As to the sum of $175 in the hands of the syndic, independent of the price of the slave Richard, withheld by Moffat under his mortgage, we understand the judgment below to decree that it shall first be appropriated to the payment of the privileged expenses, and that the mortgage creditor can be made to pay only the deficiency.

*Judgment affirmed.*