## BARRETT v. CHALER, Syndic.

Where payments are imputed to certain items, in an account approved by the debtor, at a time not suspicious, and it is not pretended that the object was to secure any unjust preference to the creditor, the imputation cannot be afterwards *disturbed.*

The privilege granted by sec. 1 of the stat. of 23 March, 1843, amending art 3184 of the Civil Code, "for debts due for necessary supplies furnished to any farm or plantation", attaches to the crop of the current year for supplies furnished during that and the preceding year.

A charge made by a factor of two and a half per cent as commissions for advancing money, must be regarded as interest, and when, added to an amount charged specially as interest, the two sums exceed the rate which the law allows, a contract to pay it will be usurious.

Where a higher rate of interest than eight per cent a year has been paid, the whole amount paid as interest may be recovered within twelve months from the time of payment. Stat. 19 Feb. 1844.

A factor is entitled to legal interest on any advance made by him for his principal, from the date of the advance. C. C. 2994.

A charge of interest at a higher rate than the law allows, in a factor's account, is no bar to the recovery of legal interest.

APPEAL from the Court of Probates of Natchitoches, *Greneaux*, J. *Pierson*, for ·the appellant. *Sherburne* and *J. B. Smith*, for the defendant. The judgment of the· court was pronounced by

KING, J. This action was instituted to compel the defendant, as syndic of the succession of *Maurin*. to approve, and pay in the course of administration, the balance alleged· to be due upon two accounts-current. A privilege is also claimed for the entire balance due on the last crop of the deceased. A judgment was rendered in favor of the plaintiff for the greater part of his demand, but rejecting the privilege claimed, and he has appealed.

It appears from the evidence that, in 1843, the plaintiff made large advances to the deceased in cash and plantation supplies. The crop of cotton of the deceased produced in that year, was received and sold by the plaintiff. In June, 1844, an account was rendered by the plaintiff, in which the deceased was debited with the several advances made, with eight per cent interest on their amount, and with two and a half per cent commissions on the sums advanced. The deceased was credited with the proceeds of the cotton, which were applied to the entire extinction of the interest and commissions, and towards the payment of the advances for which no privilege is allowed. A balance remained due which, in a recapitulation at the foot of the account, is stated to be for plantation supplies, sums advanced to defray the expenses of a daughter of the deceased at school, and for cash to the deceased personally, and the amount of each fixed. The account, with this imputation, was forwarded· to the deceased, who approved it, and for the balance which is exhibited executed two notes, not, as it seems from the evidence, for the purpose of liquidating the account, but merely to enable the plaintiff to use them in business. After the account was thus closed, the plaintiff made further advances in cash and plantation supplies, on the amount of which he also charged eight per cent· interest and two and a half per cent commissions. *Maurin* died without· having acknowledged the correctness of this second account.

The defendant contends: 1st. That the charge of two and a half per cent as commissions, and eight per cent as interest, on the sums advanced is usurious; and that under the act of 1844. (Sess. Acts, p. ·15,) he· has a right to recover back the interest thus paid. 2d. He denies that the plaintiff has a privilege on the crop of corn and cotton produced by the deceased in 1844, and contends that the proceeds of the crop of 1843, upon which a privilege did exist, were more than sufficient to pay that part of the account entitled to the privilege, and ought to have been so applied.

The items of both of the accounts for advances of cash and plantation supplies, are fully proved ; and the approval of the first account rendered, in which the proceeds of the sales of the crop of cotton of 1843, were applied to the payment· of the commissions, interest, and other advances than those for·which the law accorded a privilege,·was an imputation made by the mutual consent. of the parties. It was made at a time not suspicious ; and it is not pretended that the object of the parties was to secure an unjust preference to the plaintiff. The effect of this imputation was to leave the deceased indebted to the plaintiff for plantation supplies, amounting to $1,217 59, and for other advances.

The act of 1843, (Sess. Acts, p. 46) has extended the privilege established in article 3184, § 1, of the Code, to "debts due for necessary supplies furnished to any farm or plantation." Under the construction given to the article of the Code thus amended, this privilege attaches on the crop of the current

year for the supplies furnished during both that and the preceding year. The plaintiff's privilege ought, therefore, to have been recognised, for the amount which appears to be due for plantation supplies. 3 Rob. p. 216.  8 Rob. 484.

The two and a half per cent charged as commissions for advancing money must be regarded as interest. Added to the eight per cent charged specially as interest the rate exceeds that which the law allows, and a contract to pay it would be void. 3 La. 393.  1 Ann. Rep. 265. The deceased, as we have seen, paid this usurious interest, by consenting to an imputation of the proceeds of sales of a crop of cotton to its extinction. The act, however, of 1844, s. 2, (Sess. Acts, p. 15) permits sums thus paid to be sued for and recovered, within twelve months from the time of the payment. The defendant filed his plea of usury within the time limited, and, under the provisions of the statute, the charge for interest and commissions for advances in the first account, must be rejected. No contract is shown in regard to the interest charged in the second account. The plaintiff has only claimed a higher rate than the law allows, which is no bar to his recovering legal interest, to which he is entitled on the advances which he has made as a factor.  *Ante* p. 363.  C. C. 2994.

The judge below appears to have overlooked the testimony by which the second account was proved. The advances, of which it is composed, should have been allowed, with five per cent interest from the dates when they were made, and with a privilege on the crop of 1844 for the sums expended for supplies.

It is therefore ordered that the judgment of the District Court be reversed. It is further ordered that the plaintiffs recover the sum of $1,217 59, with a privilege on the proceeds of the crop of cotton and corn of *Lewis Maurin*, deceased, produced in the year 1844, without interest ; that he recover the further sum of $206 11, with five per cent interest thereon, from the 30th day of June, 1844, with like privilege on said crop of cotton and corn ; that he recover the further sum, as an ordinary debt, of $2,257 83, of which last named sum only $150 is to bear interest, at five per cent, from the 11th of September, 1844, and the residue to bear no interest. It is further ordered that said sum be paid by the defendant in due course of administration ; and that the succession of said *Maurin* pay the costs of both courts, to be taxed.