## MORGAN *v.* DRIGGS.

A contract between an attorney and client, by which the latter agrees to give to the former
one-third of the judgment to be recovered, is void under the stat. of 31 March, 1808, s. 4.

No recovery can be had in an action on a contract by which defendant stipulated to pay a
certain amount for services to be rendered by an attorney in a suit then about to be com-
menced, where there is no allegation that the attorney had fulfilled his part of the con.
tract.

To authorize a debtor to enjoin an execution on the ground of his being the holder of notes
and drafts due by the plaintiff in execution, it must be shown that they were acquired at
such a time that they could not have been pleaded in defence to the original action.

Where an execution, issued for the amount of a judgment rendered by the Supreme Court
and for the costs, is enjoined by the debtor, proof that the costs in the Supreme Court had
been paid by the debtor before execution was issued, but unaccompanied with any allega-
tion that the creditor was aware of the payment, will not subject the latter to the costs
of the injunction; nor will the fact deprive him of the right to damages, under the stat. of
25 March, 1831, s. 3, upon the amount enjoined, which was really due.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J. *Cooley*,
for the appellant. *Ratliff* and *Cowgill*, for the defendants. The judg-
ment of the court was pronounced by

SLIDELL, J. *Driggs*, having obtained a judgment against *Morgan*, issued
execution, and *Morgan* then obtained an injunction upon the following grounds:
1st. That the fees of the clerk of the Supreme Court, included in the writ of
*fieri facias*, had been paid by him. 2d. That when *Driggs* was about to insti-
tute his suit against *Morgan*, he employed *William Beatty*, a member of the
bar, to attend to the suit, and agreed to give him thirty-three and one-third per
cent of the amount recovered in said suit, as a compensation for his professional
services therein; and that by virtue of said agreement the said counsel was
entitled to receive one-third of the amount of the judgment to be rendered in
favor of *Driggs* against *Morgan*. That *Beatty* transferred his rights to *Mar-
shall*, who transferred them to *Ilsley*, who transferred them to the present
plaintiff. 3d. That he is the holder of several notes, drafts, and due bills made
by *Driggs*; that *Driggs* has made a simulated transfer of his judgment for
the purpose of defeating his offsets, and that the notes, drafts, and due bills
were owned and held by him prior to the transfer of the judgment.

MORGAN
v.
DRIGGS.

Upon motion the court below dissolved the injunction, except as to the amount of the fees paid to the clerk of the Supreme Court. The plaintiff in injunction has appealed, and the appellee in his answer to the appeal asks for the entire dissolution of the injunction, and for damages and interest. As the clerk's fees had been paid by *Morgan*, the injunction was properly maintained for that item.

The agreement between *Beatty* and *Driggs*, as pleaded, being an agreement for one-third of the judgment to be recovered, was void under the statute of 1808, and could not form the basis of an action. But, at the hearing of the motion to dissolve, the plaintiff, having produced the written agreement, prayed leave to amend by setting it forth according to its true tenor, to wit, an agreement for a compensation of thirty-three and one-third per cent on the amount to be recovered. The court refused to allow this amendment. If the amendment had been granted and the agreement been conceded to be legal, still the petition would have been defective. The agreement was personal, and, fairly construed, depended upon the future rendition of professional services. At the date of the agreement the suit was contemplated; and the attorney was not only to institute, but to carry on the cause to judgment. The words of the agreement are: " In the suit about to be institued for me by my attorney at law, *William Beatty*, against *Col. Charles Morgan* of this parish, I hereby agree to give said *Beatty*, for his professional services in said suit, thirty-three and one-third per cent on the amount recovered." *Non constat*, under the allegations of the petition either as originally drawn or as proposed to be amended, that the attorney had fulfilled his part of the contract, or had acquired a lawful right against his client to any payment under the agreement.

As to the other claims, there is no allegation that they were acquired subsequently to this date of the judgment on which the execution issued, or at such a time that they could not have been pleaded in defence to the suit of *Driggs*. Under the authority of *Kennard* v. *Henderson*, 9 Rob. 166, and the cases there cited, they could not be made the basis of an injunction.

We are of opinion that the costs of the injunction were improperly adjudged to be paid by *Driggs*. It is true that the trifling amount of $15 60, the fees of the clerk of the Supreme Court, had been paid by *Morgan* before the *fieri facias* issued, and that the costs were included in the writ. But there is no allegation in the petition that *Driggs* had any notice whatever that *Morgan* had paid them. If such notice had been given, we may well suppose that *Driggs* would have credited the amount on the *fieri facias*. It would be inequitable to inflict upon him the costs of this injunction by reason of a partial payment of this sort, of which he had no knowledge.

The sole legal ground for diminishing the amount for which thh *fieri facias* issued being this unnotified payment of a trifling sum, we consider the defendant in injunction entitled, upon the fair interpretation of the act of 1831, to damages upon the amount enjoined which was really due. See also *Rowley* v. *Kemp*, 2 Annual Rep. p, 360.

It is therefore decreed that the judgment of the District Court, so far as it maintains the injunction for the sum of $15 60, fees of the clerk of the Supreme Court, and so far also as it dissolves the injunction as to the residue of the amount of the *fieri facias*, be affirmed. And it is further decreed that so much of the judgment of the court below as condemned the defendant in injunction to pay the costs of the injunction and rejected his prayer for interest and

MORGAN
*v.*
DRIGGS.

damages, be reversed, and that the said *Driggs* do recover from the said *Charles Morgan*, and *Charles Morgan*, junior, his surety, *in solido*, interest at the rate of ten per cent per annum, from the 20th July, 1847, until the judgment be paid, upon the amount of the judgment enjoined, to wit, upon $1,500, and the further sum of $100 damages, and costs in both courts.