## SUCCESSION OF IRA SMITH.

*When all the parties interested in the judgment have not been made parties to the appeal, the appeal will be dismissed.*

APPEAL from the District Court, Sixth District, *Farrar*, J.  *Ratliff*, for appellant.  *Winter*, *Brewer* and *Collins*, for executrix.  *U. B. & E. P. Phillips* and *W. J. Lyle*, for appellees.

SLIDELL, J.  In 1851, *Mrs. Smith*, who had administered the succession of her deceased husband, as executrix of his will, filed in the Court where his succession was opened, an account of her administration, showing her receipts and expenditures.  She also filed a statement of outstanding debts and probable expenses of settling the estate, and represented that a sale would be necessary to pay them.  Other matters pertinent to the administration were presented.  An opposition was filed by the attorney of the absent minor, *Ira Smith*, a legatee under the will.  After the usual publications, trial, &c., the Court below rendered a judgment in which it acts upon the objections to the account, settles the pretentions of the widow and others interested, fixes the amounts due various banks and other creditors, directs a sale of certain property and the payment of enumerated debts from its proceeds, and commands commissions to issue to the Sheriffs of the respective parishes where the property was situated, to effect the sales.  This judgment was signed in April, 1852, and, it is said, has been executed by sales and payments.  In the same month, an order at chambers appears to have been made by the Judge, upon a petition presented by the minor's attorney, allowing a devolutive appeal upon condition of the appellant giving bond "in the sum of two hundred dollars, conditioned according to him."  The petition appears not to have been filed in the clerk's office until December, 1852, in which month an appeal bond was executed in favor of *Mrs. Smith*, executrix, only; and in January, 1853, citations were issued and served upon the attorney of absent heirs, the executrix, and *Sarah Smith* and husband, she being a legatee.  These persons, with *Mrs. Lyle*, being the only persons whom the petition of appeal prayed might be cited.

*Mrs. Smith* and *Mrs. Sterling* have moved to dismiss the appeal upon various grounds, one only of which need be considered, and this is that all the parties interested in the judgment, have not been made parties to the appeal.

We think the ground of dismissal well taken.  The creditors of the succession have an important interest in maintaining the judgment; they have not been cited, and their citation was not asked by the appellant.  No bond of appeal was given in their favor, either by naming them in the bond, or by using any personal words which would comprehend them.  The relief asked by the appellant seriously concerns their interests, and a reversal of the judgment ought not to be had without citing them.  See 2 Annual, 546, 994; 6 Rob. 303; 3 Rob. 436.

It is therefore decreed that the appeal be dismissed at the costs of the appellant.