## No. 11,724.

STATE EX REL. PAUL R. AUDIBERT VS. VICTOR MAUBERRET, CIVIL SHERIFF.

It is not imprisonment for debt, when the court orders payment of an amount, acknowledged to be in possession of the defendant and under the control of the court, and on failure to do so commits the defendant for contempt of its authority.

The Supreme Court has no power to issue a writ of *habeas corpus* except in cases appealable to it. The writ of *habeas corpus* can not be employed so as to operate as an appeal for the review of the proceedings of the lower court. The writ of *certiorari* is only auxiliary to the writ of *habeas corpus*.

APPLICATION for Writs of *Habeas Corpus*, *Certiorari* and Prohibition.

---

*Forman & Schreiber* for Relator.

---

*Dinkelspiel & Hart* for the Sheriff, Respondent.

---

*Rightor*, Respondent Judge, *in propria persona*.

State ex rel. Audibert vs. Civil Sheriff.

The opinion of the court was delivered by

McENERY, J.   The relator applied to this court for the writ of *habeas corpus*, and in connection therewith writs of *certiorari* and prohibition, alleging that he is in the custody of the civil sheriff on a commitment for contempt for refusing to obey an order from the judge of Division " D " of the Civil District Court, parish of Orleans.

In the suit of Paul R. Audibert vs. Geo. F. Mugnier, George Supot was appointed receiver of the partnership existing between plaintiff and defendant.   The plaintiff in that case, on the application to be appointed receiver of the Electric Engraving and Publishing Company, testified that he was the manager and treasurer of said company, and had in his possession funds of said company to the amount of five hundred and thirty dollars.   A rule was taken against the relator by the receiver to pay over to him, the said receiver, what money he had in possession belonging to said company. On the trial of the rule contradictorily with relator, it was shown that he still had the above amount in his possession.   The rule was made absolute. Failing to obey the order of court, a rule for contempt was taken by the receiver against relator.   On the trial of the rule for contempt, it was shown that the relator still had said money in his possession, and he also had it on the day of commitment for contempt of court.

The relator complains that he is committed for debt, the imprisonment for which is abolished in this State.   The order of court to the defendant to pay over the money in his possession, which, after the appointment of a receiver, was constructively in possession of the court, was not an order to imprison for debt, but to compel an obedience to the order of court, in relation to a fund to which it was entitled as custodian, and which it was within the power of relator to turn over to the receiver, the officer of the court.

The order was lawful, having been rendered in a case in which the court had jurisdiction, and it had the power and authority to punish any disobedience or resistance to its lawful authority.

We have unnecessarily gone into this part of relator's complaint, as by alleging that there was in the order a violation of the organic law there was an effort to differentiate this case from the well established jurisprudence of this State.

There was no fine imposed within our jurisdiction, and the term of imprisonment is not such as to confer jurisdiction upon the court. This court has no jurisdiction to issue writs of *habeas corpus* in cases

not appealable. The amount in dispute in the rule is not within our jurisdiction, but if it were this would not confer jurisdiction to issue the writ in matters of contempt, as the amount involved has no connection with it.

It is evident that the writ of *habeas corpus* can not be resorted to in order to serve the purposes of an appeal, and the review of the proceedings of the lower court. The writ of *certiorari*, which accompanies it, is only auxiliary to it.

The writ of *habeas corpus* is denied.