The grounds set up in the motion relate exclusively to questions of fact, of which this court has no jurisdiction.

Judgment affirmed.

(41 South. 653.)

No. 1,592.

Succession of GUILLEBERT.

In re GRENIER.

(June 18, 1906.)

1. APPEAL—PARTIES.

Where a minor, after attaining majority, appeals from a judgment homologating a provisional account filed by the natural tutrix, administering the succession of the deceased father and husband, the creditors, whose claims are recognized on such account and have been paid, and who have, therefore, an interest in maintaining the judgment of homologation, must be made parties to the appeal; otherwise, and if there is no prayer that they be cited, the appeal will be dismissed.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1822.]

2. EXECUTORS AND ADMINISTRATORS — ACCOUNTING.

In the instant case, the account in question is not regarded as an account of tutorship, but merely as in account of administration.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Adolph Valery Coco, Judge.

In the matter of the succession of Constant Guillebert. On the homologation of the account of Marie Grenier, natural tutrix, Adele C. Guillebert appeals. Dismissed.

Coco & Couvillon, for appellant. William Hall, for appellee administrator. Adolph Jalmeus Lafargue, for appellees Mr. & Mrs. A. J. Meyer.

MONROE, J. Mrs. Marie Grenier, widow of Constant Guillebert, and wife by second marriage of Alfred J. Meyer, in her capacity as natural tutrix of the minor children, issue of the first marriage, administered the succession of Guillebert, and in February, 1891, obtained a judgment homologating a provisional account filed by her as natural tutrix, administering, etc. One of the minors, who is now married and who alleges that she attained her majority in March, 1905, appealed from the judgment so rendered and made the tutrix and co-tutor parties to the appeal; but she did not pray that any one else be cited, and none of the creditors whose claims are recognized on the account, and have long since been paid, are before this court. The tutrix and co-tutor move to dismiss the appeal upon that ground (among others), and the motion must prevail. Succession of Smith, 8 La. Ann. 57; Succession of McCrindell. 13 La. Ann. 231: Succession of Treadwell, 38 La. Ann. 200. We may say in this connection that we do not regard the account in question as an account of tutorship, but merely as an administrator's account.

It is therefore ordered, adjudged, and decreed that the appeal be dismissed, at the cost of appellant.

NICHOLLS, J., concurs in the decree.