(63 South. 237.)

No. 19,601.

Succession of GUILLEBERT.

(June 30, 1913.  Rehearing Denied Oct. 20, 1913.)

*(Syllabus by the Court.)*

1. MINORS AND TUTORSHIP—ACCOUNTING.

A tutorship account should show the dates of receipts and disbursements; and, where the accountant fails in this respect, the court will fix such dates, and award interest on these amounts to the best of its ability. If the accountant suffers loss under these circumstances, he alone is at fault.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 508; Dec. Dig. § 153.*]

*(Additional Syllabus by Editorial Staff.)*

2. MINORS AND TUTORSHIP — ACCOUNTING — COMPROMISE OF SUIT—LIABILITY FOR LOSS.

Where a suit of a tutrix was compromised under authority of a family meeting and the tutrix and cotutor tried to collect the sum due under such compromise but failed through no fault of theirs, they cannot be held responsible for such sum.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 105; Dec. Dig. § 65.*]

Provosty, J., dissenting.

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; G. H. Couvillon, Judge.

In the matter of the Succession of Constant Guillebert.  From judgment on tutorship account, the accountants, tutrix and cotutor, appeal, and Mrs. Adele Guillebert Barbin, daughter of tutrix, answers the appeal, and asks that the judgment be amended.  Amended and affirmed.

Lafargue & Lafargue, of New Orleans, for appellants.  Coco & Couvillon, of Marksville, for appellee.

SOMMERVILLE, J.  This succession, in several phases, has been before us as reported in 107 La. 614, 32 South. 238, 117 La. 371, 41 South. 653, 117 La. 372, 41 South. 654, and 126 La. 992, 53 South. 117.  The last appeal referred to involved the correctness of the account of the tutrix and her cotutor, which was being opposed by the daughter of the tutrix, Mrs. Adele Guillebert Barbin.  We remanded the case to the district court for further proceedings, with instructions to the tutrix and cotutor to file a full and complete tutorship account, connected and in detail, showing amounts received by them and the dates on which received, the amounts paid by them, and the dates on which paid, as accurately as possible, and that the opponent make specific objections to whatever items on said account she objected to, stating the grounds of objection to each item, and setting forth definitely and particularly, with date and amount, whatever other matters she might have to urge against the correctness and fullness and completeness of the said account of tutorship, with leave to each party to introduce further evidence.

The account has been filed, and it has been opposed.  There was a judgment in which the account was recast by the trial judge; from that judgment the accountants, the tutrix and cotutor, have appealed.  Mrs. Barbin, opponent, has answered the appeal, and asks that the judgment be amended.

Opponent asks for an amendment of the judgment appealed from in five particulars: (1) An increase of $3,341.63, in the hands of the commission merchant of the deceased at the time of the latter's death; (2) a credit of $1,228, the value of certain cotton inventoried as belonging to the succession, but most of which appears to have belonged to other persons; (3) $12,000, claimed to have been paid by the tutrix to Mrs. J. H. Boyer; (4) $1,000 for attorney's fees for the prosecution of the alleged murderer of the deceased, Constant Guillebert; and (5) $7,500, which should have been collected under a compromise in the succession of Mrs.

Camille Guillebert, wife of Boyer, and which should have been charged to the accountants.

On the oral argument, counsel for opponent waived the opposition as to the item No. 4, for $1,000 attorney's fees.

With reference to the first, second, and third items, $3,341.63, $1,228 and $12,000, we expressed the opinion on the former hearing that these credits should have been allowed to the accountants; and, after a retrial of the cause and a re-examination of the evidence, we adhere to the opinion then expressed, and as now decided by the district judge.

[2] We have carefully re-examined the evidence connected with the item of $7,500, which the opponent claims should have been collected under a compromise of the accountants with J. A. Boyer, in the succession of his wife, Mrs. Catherine Guillebert Boyer; and, while we are still of the opinion that the claim is one in which the succession of Constant Guillebert is not concerned, we are also of the opinion that opponent has failed to show that this amount was lost through the fault of the accountants. The suit of the tutrix, on behalf of opponent and her sister, to have the will of Mrs. Boyer annulled, was filed by reputable attorneys of this bar, and it was compromised under the authority of a family meeting. The compromise seems to have been for $5,500, to be paid in cash by Mr. Boyer, and $2,000 rental for a small piece of ground. But the evidence is that Mr. Boyer refused to carry out the terms of this contract, and that nothing was collected from him. Mr. Peterman, of the firm of Thorp & Peterman, was the attorney of record. Mr. Thorp is now dead, and Mr. Peterman, who was called as a witness, testified that Mr. Thorp attended to this particular business, and that he knew little or nothing about it. He further stated that Mr. Boyer had offered some bonds in settlement, but he did not know the amount, or any of the particulars. It further appears that Mr. Boyer gave a check or draft in settlement, but that it was not paid. Whereupon a second suit was instituted against him; but he agreed to make, and did make, a will in favor of opponent and her minor sister, and the matter was dropped there. Mr. Boyer died about three years thereafter, having disposed of all of his property in his lifetime, so there was nothing for opponent and her sister under his will. The tutrix and cotutor tried to collect the sum due under the compromise with Boyer, and they failed, through no fault of theirs. They cannot therefore be held responsible for said amount. It was properly disallowed in the judgment of the district court.

[1] Turning now to a consideration of the appeal taken by the tutrix and cotutor from the judgment rendered, we have carefully examined the several objections made by them, but find that they are not supported by the evidence in the record, except as to the item of interest.

The trial judge has, with much care and thoroughness, recast the account, and based his judgment thereupon. Each item therein is sustained by the evidence, and there are only two or three errors in calculation, which do not amount to much.

We shall therefore take as a basis of this opinion the "Recapitulation of Recapitulations," found at page 196 of the transcript, and formulated by the trial judge. It is as follows:

Recapitulation of Recapitulations.

| Assets. | | Filed May 15, 1911. |
|---|---|---|
| Amount of the inventory | $51,207 57 | |
| Amount of rents collected | 15,625 00 | |
| Collections over the inventory appraisement | 6,269 94 | |
| Interest on rents (less commission) | 6,197 25 | |
| Interest from 1888 to 1904, inclusive | 20,026 34 | |
| | | $99,326 10 |

Credits.

| | | |
|---|---|---|
| Lands on hand..................... | $ 4,050 00 | |
| Lands not redeemed............. | 2,391 00 | |
| Debts paid, under account of 1886 ............................. | 16,983 54 | |
| Deductions for errors, etc., under account of 1886............. | 5,486 18 | |
| Debts paid, under account of 1890 ............................. | 2,722 47 | |
| Deductions for errors, etc., under account of 1890............. | 3,788 29 | |
| Debts paid since rendering account of 1890.................... | 5,083 76 | |
| Deductions, etc., since rendering account of 1890............. | 1,708 40 | |
| Commissions on rents and revenues at 10 per cent........ | 1,562 50 | |
| Interest on debts paid since 1890 ........................... | 1,615 85 | |
| | | $45,391 99 |
| Total amount due the two heirs, less amounts paid for them, and interest on same ................................ | | $53,934 11 |
| Amount coming to Mrs. A. T. Barbin after deducting amounts paid for her board, maintenance, and education and interest on same less one-half of costs of these proceedings ........ | $22,956 05 | |
| Board, maintenance, and education....... | 2,650 00 | |
| Interest on same..... | 1,360 75 | |
| | | $26,967 05 |
| Amount coming to Camille Modestine Guillebert, after deducting amounts paid for support and medical treatment and interest on same, less one-half of the costs of these proceedings .. | $22,542 05 | |
| Support and medical attention ............ | 3,000 00 | |
| Interest on same..... | 1,425 00    $26,967 05 | $53,934 11 |

We find it necessary, in this connection, to recast the account to a certain extent, as the best way in which to express our findings; and we shall take therefrom the several interest items to be disposed of in another way and place.

We shall calculate interest in a separate account.

As the dates of receipts and disbursements are not accurately stated in the transcript in many particulars, this interest account cannot be made out with exactness, based upon the receipts and disbursements. It is therefore necessary to assume, for the purpose of calculating interest, where no dates are given, that receipts and disbursements (debits and credits) were substantially concurrent, and that the movable property included in the inventory was disposed of by the tutrix and cotutor, or converted into cash, before the end of the year 1890. The latter date gave the parties sufficient time in which to make collections; and they alone are at fault in not keeping correct data as to the dates when this property was realized upon. The rent collections are debited in the account (that is, included in the receipts), at the end of each year, less 10 per cent. commissions. The amounts allowed for the maintenance of the heirs are credited in the account (that is, included in the payments), under the date of December 31st, in the years to which they belong. As already stated, interest will be eliminated in reviewing the "Recapitulation of Recapitulations" of the trial judge.

In the interest account interest will be calculated on the receipts (debits in the account) from the end of each year to April 17, 1905; and each year's disbursements (credits in the account) are averaged for each year, to avoid a multiplicity of calculations, and interest is computed from the average due date (in the same manner as are debits in the account).

The balance of the interest to the debit of the accountants is $16,019.73, $5,803.06 less than is charged in the account prepared by the trial judge.

With reference to those items, where the year only is stated, December 31st is taken as the date for computing the interest; and,

when the month only is given, the last day of the month is taken as the date.

The interest account follows:

**Dr.**

| | Principal | Interest |
|---|---|---|
| 1884. | | |
| Dec. 31. Receipts for year, taken from the transcript | $ 584 91 | $ 593 48 |
| 1885. | | |
| Dec. 31. Do. Do., including rents, less 10 per cent. commission .......... | 17,096 16 | 16,491 93 |
| 1886. | | |
| Dec. 31. Do. Do. ............. | 1,604 46 | 1,467 53 |
| 1887. | | |
| Dec. 31. Do. Do. ............. | 1,528 36 | 1,321 50 |
| 1888. | | |
| Dec. 31. Do. Do. ............. | 2,055 63 | 1,674 62 |
| 1889. | | |
| Dec. 31. Do. Do. ............. | 1,690 23 | 1,292 44 |
| 1890. | | |
| Dec. 31. Do. for the year, and all balance chargeable in inventory.... | 19,093 89 | 13,645 59 |
| 1891. | | |
| Dec. 31. Rents, less 10 per cent. commission .......... | 675 00 | 448 64 |
| 1892. | | |
| Dec. 31. Do. Do. ............. | 675 00 | 414 89 |
| 1893. | | |
| Dec. 31. Do. Do. ............. | 675 00 | 381 14 |
| 1894. | | |
| Dec. 31. Do. Do. ............. | 675 00 | 347 39 |
| 1895. | | |
| Dec. 31. Do. Do. ............. | 742 50 | 345 01 |
| 1896. | | |
| Dec. 31. Do. Do. ............. | 742 50 | 307 88 |
| 1897. | | |
| Dec. 31. Do. Do. ............. | 742 50 | 270 76 |
| 1898. | | |
| Dec. 31. Do. Do. ............. | 742 50 | 233 64 |
| | $49,323 64 | $39,236 44 |
| Amounts brought forward.... | $49,323 64 | $39,236 44 |
| 1899. | | |
| Dec. 31. Do. Do. ............. | 742 50 | 196 51 |
| 1900. | | |
| Dec. 31. Do. Do. ............. | 810 00 | 173 86 |
| 1901. | | |
| Dec. 31. Do. Do. ............. | 810 00 | 133 36 |
| 1902. | | |
| Dec. 31. Do. Do. ............. | 810 00 | 92 86 |
| 1903. | | |
| Dec. 31. Do. Do. ............. | 810 00 | 52 36 |
| 1904. | | |
| Dec. 31. Rents, less 10 per cent. commission .......... | 810 00 | 11 86 |
| Interest to debit of accountant | 16,019 73 | |
| Real estate per inventory $4,050 | | |
| Pledged real estate, unredeemed .................... 2,391 | | |
| | 6,441 00 | |
| | $76,576 87 | $39,897 25 |

**Cr.**

| Average due date | Principal | Interest |
|---|---|---|
| 1884. | | |
| Dec. 26. Disbursements allowed by judgment ........ | $ 584 91 | $ 593 87 |
| 1885. | | |
| Oct. 22. Do., including maintenance of heirs........ | 16,511 16 | 16,085 93 |
| 1886. | | |
| Sept. 14. Do. Do. ................. | 1,019 46 | 947 53 |
| 1887. | | |
| Oct. 11. Do. Do. ................. | 943 36 | 818 25 |
| 1888. | | |
| July 20. Do. Do. ................. | 1,470 63 | 1,231 11 |
| 1889. | | |
| Oct. 15. Do. Do. ................. | 1,105 23 | 856 77 |
| 1890. | | |
| Oct. 24. Do. Do. ................. | 628 10 | 454 29 |
| 1891. | | |
| Aug. 2. Do. Do. ................. | 1,034 24 | 708 67 |
| 1892. | | |
| Dec. 31. Do. Do. ................. | 294 00 | 180 71 |
| 1893. | | |
| Dec. 27. Do. Do. ................. | 439 48 | 248 39 |
| 1894. | | |
| Sept. 26. Do. Do. ................. | 691 33 | 364 87 |
| 1895. | | |
| Dec 31. Do. Do. ................. | 439 69 | 204 30 |
| 1896. | | |
| Dec. 26. Do. Do. ................. | 783 93 | 325 59 |
| 1897. | | |
| Dec. 31. Do. Do. ................. | 646 56 | 235 86 |
| 1898. | | |
| Dec. 31. Do. Do. ................. | 655 96 | 206 67 |
| 1899. | | |
| Dec. 2. Do. Do. ................. | 208 45 | 55 97 |
| 1900. | | |
| July 12. Do. Do. ................. | 773 90 | 184 56 |
| 1901. | | |
| Nov. 21. Do. Do. ................. | 467 04 | 79 45 |
| 1902. | | |
| Dec. 17. Do. Do. ................. | 459 01 | 53 51 |
| 1903. | | |
| Oct. 23. Do. Do. ................. | 210 05 | 15 56 |
| 1904. | | |
| Sept. 22. Do. Do. ................. | 905 32 | 25 66 |
| 1906. | | |
| Dec. 31. Do. Do. ................. | 160 00 | |
| 1909. | | |
| Dec. 31. Do. Do. ................. | 41 20 | |
| 1912. | | |
| June 12. Do. Do. ................. | 500 00 | |
| Balance of interest.... | | 16,019 73 |
| Balance principal to debit of account...... | 23,143 13 | |
| Interest of debit of accountant .............. | | 16,019 73 |
| Property unaccounted for, per inventory. See contra ........... | 6,441 00 | |
| | $76,576 87 | $39,897 25 |

Turning now again to the "Recapitulation of Recapitulations" as found by the trial judge, at page 196 of the transcript, and hereinbefore set out in full, we will amend it as follows:

Stated to be due the two heirs, transcript
page 196 .................................... $53,934 11
Add in adjustment interest credited on debts paid since 1890... $ 1,615 85
Interest charged Mrs. A. T. Barbin in account for maintenance ......................... 1,360 75
Do. Camille Modiste Guillebert 1,425 00
Error in addition, transcript, pages 159 to 162................. 18 83
Do. Do. 164 to 167................ 49 00    4,469 43
                                  $58,403 54

Deduct in adjustment:
Interest on rents (less commissions) ........................... $ 6,197 25
Interest from 1888 to 1904, inclusive........................... 20,026 34
Error in addition, transcript, pages 171 to 177................. 101 07
Attorney's fees, etc., allowed by judgment June 12, 1912, transcript, page 203, included in amended account ............... 500 00
Maintenance Mrs. A. T. Barbin, allowed by transcript, page 190 2,650 00
Camille M. Guillebert, do........ 3,000 00
Interest charged Mrs. A. T. Barbin on maintenance............. 1,360 75
Camille M. Guillebert, do........ 1,425 00   35,260 41

Balance due the two heirs in principal.... $23,143 13
Balance of interest due heirs.............. 16,019 73

    Total due heirs.......................... $39,162 86
To be accounted for in inventory real estate .................... 4,050 00
To pledged unredeemed property 2,391 00   6,441 00

    Total to be accounted for by tutrix.... $45,603 86

The following is a memorandum of the several amounts which bear interest, and the dates from which interest begins to run, in favor of the two heirs:

Mrs. A. T. Barbin:
Bearing interest from April 17, 1905 ............................ $11,395 97
Bearing interest from December 31, 1906 ......................... 80 00
Bearing interest from December 31, 1909 ......................... 20 60
Bearing interest from June 12, 1912 ............................. 250 00
Her half of the interest in account .......................... 8,009 86
                               $19,756 43

Camille Modiste Guillebert:
Bearing interest from April 17, 1905 ............................ $11,045 96
Do. from December 31, 1906...... 80 00
Bearing interest from December 31, 1909 ......................... 20 60
Do. from June 12, 1912........... 250 00
Her half of the interest in account .......................... 8,000 87   19,406 43

    Total of judgment...................... $39,162 86

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the judgment in favor of Mrs. Adele Constant Guillebert, wife of A. Tillou Barbin, and against her tutrix, Mrs. Marie Grenier Mayer, and her cotutor, Alfred J. Mayer, in solido, to the sum of $19,756.43, with 5 per cent. interest on $11,395.97 from April 17, 1905; on $80 from December 31, 1906; on $20.60 from December 31, 1909; and on $250 from June 12, 1912.

And that said account be further amended by rendering judgment in favor of Camille Modestine Guillebert in the sum of $19,406.43, with 5 per cent. interest on $11,045.96, from April 17, 1905; on $80 from December 31, 1906; on $20.60 from December 31, 1909; and on $250 from June 12, 1912.

And, as thus amended, said judgment is affirmed. Costs of appeal to be paid by appellee, and costs of the district court to be paid one-half by the succession and one-half by accountants.

PROVOSTY, J. I dissent from this opinion in so far as against opponent; expressing no opinion as to the item of interest.