(63 South. 237.)

No. 20,074.

STATE v. STILLSON.

Ex parte STILLSON.

(Oct. 6, 1913.)

*(Syllabus by the Court.)*

COURTS (§ 207*)—JURISDICTION—SUPREME COURT—HABEAS CORPUS.

The Supreme Court, and each of the justices thereof, shall have power to issue the writ of habeas corpus, at the instance of any person in actual custody, in any case where it may have appellate jurisdiction. Const. art. 93; State ex rel. Brown v. Judge, 35 La. Ann. 1194; State ex rel. Audibert v. Sheriff, 47 La. Ann. 334, 16 South. 814; State v. Guillory, 128 La. 558, 54 South. 1008.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 613; Dec. Dig. § 207.*]

Breaux, C. J., dissenting.

Application for writ of habeas corpus by Wheaton C. Stillson. Writ denied.

Walmsley & Provosty, of New Orleans, for applicant. R. G. Pleasant, Atty. Gen., Chandler C. Luzenberg, Dist. Atty., of New Orleans, and G. A. Gondran, of Donaldsonville (W. S. Hero, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Relator was condemned to pay a fine of $2, and in default of the payment of the fine to be imprisoned two days in the parish jail, in accordance with section 119 of Act No. 191 of 1912, organizing the state militia.

He asks that a writ of habeas corpus issue out of this court directed to the criminal sheriff of the parish of Orleans, ordering him to produce the body of relator, together with the warrant of commitment, for his detention; that the legality, validity, and regularity of the commitment may be inquired into; and that he be discharged from the custody of the sheriff.

Relator makes charges of unconstitutionality against the above referred to act, of irregularities in the trial, and of the illegality of the sentence against him.

The jurisdiction of the court in the matter presented by relator is defined to be as follows: The Supreme Court, and each of the justices thereof, shall have power to issue the writ of habeas corpus, at the instance of any person in actual custody, in any case where it may have appellate jurisdiction. Constitution, art. 93. The court has not appellate jurisdiction in the case of relator, and the application for the writ must be denied at his cost. Constitution, art. 85; State ex rel. Brown v. Judge, 35 La. Ann. 1194; State ex rel. Audibert v. Civil Sheriff, 47 La. Ann. 334, 16 South. 814; State v. Guillory, 128 La. 558, 54 South. 1008.

It is therefore ordered, adjudged, and decreed that the order herein issued of date July 2, 1913, be recalled and rescinded, and the application of Wheaton Stillson for the issuance of a writ of habeas corpus herein be denied and discharged at his cost.

See dissenting opinion of BREAUX, C. J., 63 South. 237.