(83 South. 553)

No. 21891.

GRENIER et al. v. GUILLEBERT.

(June 2, 1919.  On Rehearing, Jan. 5, 1920.)

*(Syllabus by the Editorial Staff.)*

1. EXECUTION ⬨⟿172(4)—PLAINTIFF NOT ENTITLED TO INJUNCTION.

Where plaintiff enjoined the execution of a money judgment and the only payment or set-off alleged in his petition was a certain sum on an open account for merchandise, etc., furnished to defendant, and the injunction was continued as to such item on plaintiff's furnishing a bond, plaintiff, under Code Prac. art. 298, § 10, was not entitled to an injunction as to notes and securities turned over to defendant but not shown to have been received in payment or to have been realized upon or alleged to be worth the amount stated, or for court costs owed by defendant, not alleged to be due plaintiff.

2. EXECUTION ⬨⟿171(2)—INJUNCTION REFUSED WHERE OTHER REMEDY EXISTS IN CASE OF EXCESSIVE SEIZURE.

Notwithstanding Code Prac. art. 298, § 10, providing for injunction to stay executions, an injunction will not lie if defendant has caused to be seized more property of plaintiff than could be reasonable, though necessary to discharge the judgment and costs, as in such case plaintiff may ask for an appraisement of the property, and that the judge reduce the seizure to an amount only sufficient for paying debt, under articles 650–653.

On Rehearing.
*(Syllabus by the Court.)*

3. EXECUTION ⬨⟿172(7)—EXTENT OF PLAINTIFF'S RECOVERY, ON DISSOLUTION OF INJUNCTION RESTRAINING EXECUTION, STATED.

Upon the dissolution, in part, of an injunction, restraining the execution of a judgment for money, the plaintiff in execution is entitled to recover without proving the same and unless further damages are proved; damages, including attorney's fees, not exceeding 20 per cent. of that portion of the judgment with respect to which the injunction is dissolved.

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; W. F. Blackman, Judge.

Proceeding by Mrs. Marie Grenier, wife of A. J. Mayer, and A. J. Mayer against Mrs. Adele C. Guillebert, wife of A. T. Barbin, to enjoin the execution of a money judgment issued by defendants.  Exception of no cause of action to issuance of injunction sustained, and writ of fieri facias dissolved, except as to an amount claimed to be due by defendants to plaintiffs, which was referred to the merits, if plaintiffs gave an injunction bond, and plaintiffs appeal, and defendants, answering the appeal, ask that the penalties be increased to the amount originally prayed for.  Judgment affirmed.

E. L. Lafargue and J. W. Joffrion, both of Marksville, for appellants.

A. V. Coco, of New Orleans, and W. E. Couvillon, of Marksville, for appellee.

SOMMERVILLE, J.  Plaintiffs enjoin the execution of a money judgment rendered by this court in the Succession of Guillebert, 133 La. 603, 63 South. 237, upon which defendants had ordered execution to issue.  The grounds for injunction set up by plaintiffs were that during the litigation, which had extended over a time of 15 years, they, plaintiffs, had advanced goods, merchandise, and other things to defendants amounting to $4,500, which should have been credited on the writ of fieri facias and which was not; further, that defendants had caused to be seized and had sold under said writ a stock of merchandise belonging to plaintiffs, which realized $980, which they also claimed should have been credited on said writ (and this amount, if correct will doubtless be credited on the return to be made by the sheriff under the writ which he holds in his hands);  further, that they have turned over to defendant notes and securities amounting to $732.-38, for which they likewise claim credit (plaintiffs did not allege that the notes and securities were received by defendant in part payment of the indebtedness to them, or that the said notes and securities had been realized upon by defendants, or that they are

worth the amount stated); and they claim a further credit of $400 which amount defendants owe for court costs (but they do not allege that these court costs are due to them, or that they are interested in or responsible for them in any way). Plaintiffs also set forth in their petition that their property which had been seized under the writ is greatly in excess of the balance due on the judgment against them after applying the credits, named. Plaintiffs further set forth other alleged irregularities in the issuance of the writ of fieri facias which did not affect them seriously, and which are not grounds for the issuance of an injunction. Plaintiffs also prayed for a large money judgment against defendants.

Defendants excepted on the grounds that the petition of plaintiffs showed no cause or right of action for the issuance of an injunction and they asked that the writ be dissolved, with statutory damages.

There was judgment sustaining the exception of no cause of action for the issuance of an injunction, and the writ was dissolved, except to the extent of $4,500, which was claimed to be due by defendants to plaintiffs on an open account, and that claim was referred to the merits of the case; provided plaintiffs furnish bond to sustain their injunction as to said item of $4,500 within eight days of the signing of the judgment, in the sum of $9,000. It was further ordered that plaintiffs pay $800, attorney's fees, with 5 per cent. from the date of judgment.

Plaintiffs have appealed, and defendants have answered the appeal, asking that the penalties be increased to 20 per cent., as originally prayed for.

[1] Article 298, C. P., § 10, provides that injunctions shall issue to stay executions when payments are alleged to have been made after judgment rendered, when compensation is pleaded against the judgment; provided, that no judgment or execution shall be enjoined on an allegation of compensation, set-off, or subsequent payment, except to the amount of such sum pleaded in compensation, set-off, or payment as shall be established by the defendant according to law; and such judgment, for any surplus that may exist, shall be executed in all respects as if no such injunction had been granted; and provided, further, that whenever an injunction is granted on an allegation of compensation, set-off, or payment, it shall be the duty of the judge to require from the person claiming such injunction a bond as security in double the amount of the sum alleged to have been paid, conditioned for the payment of damages, in case the injunction shall have been wrongfully sued out.

The only payment, set-off, or compensation alleged in plaintiffs' petition is that of $4,500 on an open account for merchandise, etc., furnished by plaintiffs to defendants, and the district judge has continued the injunction as to this item of $4,500 on plaintiffs furnishing bond in the sum of $9,000, as directed by law.

Plaintiffs were not entitled to an injunction on the other claims alleged in their petition.

[2] An injunction will not lie if defendants have caused to be seized more property belonging to plaintiffs than could be reasonably thought necessary to discharge their judgment and cost. Under such circumstances, the right of plaintiffs was to have asked for an appraisement of the property and to have prayed the judge to reduce the seizure to such an amount only as would be sufficient for the purpose of paying the debt. C. P. arts. 650–653. Plaintiffs have not asked for a reduction of the seizure of their property to such an amount as to satisfy the judgment of defendants.

Coming to the answer of defendants to the appeal asking for an increase of the judgment giving them $800 in damages for

the dissolution of the injunction, embracing attorney's fees, the same cannot be allowed in this case, at this time.

The motion to dissolve the injunction was tried on the face of the papers. No evidence was offered as to damages, or the value of the attorney's fees in the case, or to the validity of the claim for $4,500. The motion to dissolve was denied in part.

The case is to be tried on its merits on the demand of plaintiffs for a money judgment.

The judgment appealed from is amended by referring defendants' reconventional demand for damages, including attorney's fees, to the trial of the case on its merits, reserving to them their right to assert their demands against the plaintiffs and their sureties in this suit or in an action on the injunction bond; and, as thus amended, the judgment appealed from is affirmed, and the case is remanded to the district court, to be proceeded with upon its merits. Appellees are to pay the costs of appeal.

### On Rehearing.

MONROE, C. J. Plaintiff made no complaint of the judgment as heretofore handed down. Defendant applied for a rehearing upon the grounds that the court erred in holding that the claims for damages, as based upon that portion of the judgment with respect to which the injunction was dissolved, must be supported by proof, in referring the claim therefor to the merits, and in remanding the case for trial on the merits; and, becoming satisfied that those assignments are not without merit, the court granted the rehearing.

The Code of Practice declares that—

"Art. 304. * * * And on the trial of the injunction, the surety on the bond shall be considered a party plaintiff in the suit; and in case the injunction be dissolved, the court, *in the same judgment, shall condemn the plaintiff and surety, * * * jointly and severally, to pay to the defendant* interest at the rate of eight per cent. per annum on the amount of the judgment, *and not more than twenty per cent. as damages, unless damages to a greater amount be proved,*" etc. (Italics by the writer.)

[3] It is evident, and it has been so held, that the provisions quoted are to be confined in their application to cases in which judgments for money have been enjoined. Crescent, etc., Co. v. Larrieux, 30 La. Ann. 740; Simonds v. McMichael, 46 La. Ann. 472, 15 South. 23. It is equally evident, and it has been so held, that in such cases the trial court may (if not must) award damages to the plaintiff in the seizure to the extent of not more than 20 per cent. of the amount with respect to which the injunction is dissolved, and that such award, may be made without proof of the damages. Wilcox v. Bundy, 13 La. 389; Cannon v. Labarre, 13 La. 399; Rivet v. Murrell & Co., 121 La. 201, 46 South. 210, 126 Am. St. Rep. 320; Williams v. Close, 14 La. Ann. 737; Perry v. Kearney, 14 La. Ann. 400; Ludwig v. Kohlman, 5 La. Ann. 298; Morgan v. Driggs, 3 La. Ann. 124; Calderwood v. Trent, 9 Rob. 231; De Lizardi v. Hardaway, 8 Rob. 20. That under Code Prac. art 304, attorney's fees may be allowed as damages, without proof, within the 20 per cent. provided for by that article, has been held in several of the cases above cited, and in Brown v. Lambeth, 2 La. Ann. 822, and Farrar v. New Orleans Gaslight & Banking Co., 2 La. Ann. 874. In this instance the amount allowed by the trial judge appears to be well within that authorized by the statute, but we find no sufficient reason for increasing it. On the other hand, as the judgment appealed from provides for a hearing of the case on the merits, it is only necessary that we should affirm it in order to protect the parties in all the rights to which they seem entitled.

It is therefore ordered that the decree heretofore handed down be set aside, and that the judgment appealed from be now affirmed, at the cost of the appellant.