CATHEY, INC., v. HENRIQUES

---

(April 26, 1926. Opinion and Decree.)
(May 10, 1926, Rehearing Refused.)
(See 3 La. App. 323 for Opinion on Writs of Mandamus and Prohibition.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Attorneys—Par. 61.**

Where plaintiff sues out executory process and thereafter seeks but is not permitted to change to ordinary process, attorney's fees cannot be allowed defendant as damages in a judgment maintaining a rule to vacate the order for executory process.

Appeal from the First City Court, Section "A". Hon. Alexander Bahns, Judge.

Action by J. D. Cathey, Inc., against Frank Henriques.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and cause remanded.

T. H. McGiehan and C. E. Stauch, of New Orleans, attorneys for plaintiff, appellant.

Henry J. Rhodes, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff sued out executory process on a chattel mortgage

secured by a Ford automobile in the sum of $106.00. From this small and simple proceeding litigation out of all proportion has resulted. Being unable to locate the Ford and finding executory process of no avail under the circumstances, plaintiff endeavored to file a supplemental petition changing the form of his action from one via executiva to one via ordinaria, and not being allowed to do so application was made to the court for writs in order to compel the court to permit the filing of the supplemental petition.

Under the number 10,347 of our docket, we held that we were without authority to order the judge of the First City Court to permit plaintiff to file the petition; because we had no supervisory jurisdiction. Application was then made to the Supreme Court and that court on March 1, 1926, under the number 27,722 of its docket issued an order commanding the judge of the First City Court to allow the supplemental petition to be filed. In the meantime a motion to vacate the order of executory process was filed by defendant and on December 14, 1925, judgment was rendered against plaintiff rescinding the order for and recalling the writ issued thereunder, and condemning plaintiff to pay to defendant $25.00 attorney's fees as damages. From this judgment plaintiff has appealed.

We are of the opinion that the trial court erred in considering the rule to vacate the executory process while the question of plaintiff's right to change the form of his action was pending in the Supreme Court upon an application for mandamus. Moreover, there was no necessity to vacate the order, since plaintiff had himself abandoned his executory process or at least was attempting to do so with considerable vehemence. Nor do we think the allowance of $25.00 attorney's fees, as damages, can be justified, even though the writ of seizure, under executory process, had issued before plaintiff offered to file his supplemental petition changing over to the ordinary process as is claimed and argued here. We know of no authority or precedent for such allowance and have been referred to none.

The cases of Soniat vs. Whitmore, 141 La. 235, 74 South. 916, and Grenier vs. Guillebert, 146 La. 277, 83 South. 553, are not in point. Both of these cases involved injunction proceedings.

For the reasons assigned the judgment appealed from is reversed and this cause is remanded to the First City Court to be tried on the issue presented by the pleadings and particularly the original and supplemental petitions of plaintiff and according to law.